UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NASIM TARIQ                                CIVIL ACTION

VERSUS                                     NO: 12-2567

CENTRAL PARKING SYSTEMS, INC.              SECTION: **"J"** (1)

### ORDER

Before the Court is Defendant Robbins Parking Texas, LP d/b/a Platinum Parking ("Platinum")'s **Motion to Dismiss and/or Stay this Action (Rec. Doc. 23)**. In its motion, Platinum contends that Plaintiff Nasim Tariq ("Tariq") is no longer the real party in interest because he filed a petition for bankruptcy; therefore, Tariq does not have standing to bring his claims, but rather the Trustee of his bankruptcy estate must bring this action. Tariq filed a response wherein he stated that, though he does oppose dismissal of this action, he does not oppose a stay. (Rec. Doc. 24) The Court agrees that a stay is the more appropriate remedy in this case.[1] Accordingly,

---

[1] According to Federal Rule of Civil Procedure 17(a)(3),

> "[the Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been

**IT IS ORDERED** that, inasmuch as Platinum's motion seeks the dismissal of the above-captioned matter, the motion is **DENIED;**

**IT IS FURTHER ORDERED** that, inasmuch as Platinum's motion requests a stay of the above-captioned proceedings, the motion is **GRANTED;**

**IT IS FURTHER ORDERED** that the Clerk of Court mark this action closed for statistical purposes; and

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition. This order shall not prejudice the rights of the parties to this matter.

New Orleans, Louisiana, this 7th day of October, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).